**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

DORIAN JONES,

    Petitioner,                                Case No. 2:06-CV-11754
                                                    HONORABLE AVERN COHN

v.

DAVE BERGH,

    Respondent.

_____/

**OPINION AND ORDER DISMISSING PETITION FOR WRIT OF HABEAS CORPUS**

**I. Introduction**

This is a habeas case under 28 U.S.C. § 2254. Petitioner Dorian Jones (Petitioner) is a state inmate at Camp Cusino in Shingleton, Michigan, where he is serving a sentence of ten to fifteen years in prison for the crime of manslaughter, Mich. Comp. Laws § 750.321. Petitioner has filed a *pro se* petition for writ of habeas corpus claiming that he is incarcerated in violation of his constitutional rights. For the reasons which follow, the petition will be dismissed for failure to state a claim.

**II. Procedural History**

Petitioner was originally convicted of second-degree murder and felony-firearm, following a jury trial in the Wayne County Circuit Court. The Michigan Supreme Court reversed the second-degree murder conviction and remanded the case to the Wayne County Circuit Court for entry of a conviction for voluntary manslaughter and re-sentencing on this conviction. *People v. Jones,* 469 Mich. 904 (2003).

On March 9, 2004, the trial court re-sentenced petitioner to ten to fifteen years in

prison on the voluntary manslaughter conviction. Petitioner's sentence was affirmed on appeal. *People v. Jones,* No. 254409 (Mich. Ct. App. November 1, 2005); *lv. den.* ---- N.W. 2d----; 2006 WL 839311 (Mich. March 27, 2006).

Petitioner now seeks the issuance of a writ of habeas corpus on the following ground:

> Petitioner is entitled to resentencing based on the sentencing judge's upward departure from the judicial guidelines range by a factor of more than 200 percent in violation of the Constitution's Due Process Clause and was an unreasonable application of clearly established federal law.

### III. Analysis

A district court is authorized to summarily dismiss a habeas corpus petition if it plainly appears from the face of the petition or the exhibits that are attached to it that the petitioner is not entitled to federal habeas relief. *See Carson v. Burke,* 178 F. 3d 434, 436 (6th Cir. 1999); Rules Governing § 2254 Cases, Rule 4, 28 U.S.C. foll. § 2254.

Petitioner contends that the trial court improperly departed above the sentencing guidelines range in re-sentencing him on the manslaughter conviction. However, Petitioner has no state created liberty interest in having the Michigan sentencing guidelines applied rigidly in determining his sentence. *See Thomas v. Foltz*, 654 F. Supp. 105, 106-107 (E.D. Mich. 1987). To the extent that petitioner is claiming that his sentence violates the Michigan state sentencing guidelines, his claim cannot be brought in a habeas proceeding because it is a state law claim. *Id.*

Nor can Petitioner prevail based on the argument that he is entitled to habeas relief because the trial judge relied upon facts not found by the jury in imposing a sentence above the guideline range in violation of the Sixth Amendment, based on the Supreme

Court's decision in *Apprendi v. New Jersey*, 530 U.S. 466, 490 (2000). *Apprendi* involved a trial court's departure from a state's determinate sentencing scheme. Michigan, by contrast, has an indeterminate sentencing system in which the defendant is given a sentence with a minimum and a maximum sentence. The maximum sentence is not determined by the trial judge but is set by law. *People v. Claypool*, 470 Mich. 715, 730 n. 14 (2004), citing Mich. Comp. Laws § 769.8. The minimum sentence for a defendant is based on the applicable sentencing guidelines ranges. *Id.* Under Michigan law, only the minimum sentence must presumptively be set within the appropriate sentencing guidelines range. *See People v. Babcock*, 469 Mich. 247, 255 n. 7 (2003), citing Mich. Comp. Laws § 769.34(2).

Indeterminate sentencing schemes, like Michigan's, do not infringe on the province of the jury. *See Blakely v. Washington*, 543 U.S. 296, 304-05, 308-09 (2004). As such, the trial court's departure above the sentencing guidelines range did not violate Petitioner's Sixth Amendment rights. *See George v. Burt,* 2006 WL 156396, * 5 (E.D. Mich. Jan. 20, 2006).

### IV.  Conclusion

For the reasons stated above, the petition for writ of habeas corpus is **DISMISSED.**

**SO ORDERED.**

Dated:  April 17, 2006            s/Avern Cohn
                                  AVERN COHN
                                  UNITED STATES DISTRICT JUDGE

**06-11754 Jones v. Bergh**

**Proof of Service**

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, April 17, 2006, by electronic and/or ordinary mail.

                s/Julie Owens
                Case Manager
                (313) 234-5160